Trial no.2010-CI-14597

BENEFICIAL TEXAS INC.,
ITS SUCCESSORS AND ASSIGNS,
PLAINTIFF,APPELLEE

VS.

JOHN E. RODARTE SR.
(John e. Rodarte Sr.)
Rachel A. Rodarte,
(Rachel A. Rodarte)
DEFENDANT,APPELLANT

IN THE FOUR8H COURT

OF APPEALS,
IN SAN ANTONIO,TEXAS

BEXAR COUNTY,TEXAS

NOTICE OF APPEAL,
MOTION FOR INJUNCTION AGAINST SEIZURE AND SELLING
BY BEXAR COUNTY SHERIFF OR OTHERS,
MOTION FOR CLERK'S RECORD,EXHIBITS,TRIAL TRANSCRIPTS,
INCLUDING OCTOBER 07,2015,AFFIDAVIT OF INDIGENCE,
USE OF LIST,OF ALL LITIGATION FOUND IN 04-14-00922-CV
APPEAL BRIEF TO FOLLOW

To The Honorable Justices Of Said Court:

Now comes John B. Rodarte Sr.,Affiant,Appellant,Movant,
and on this date of October 14,2015 completes the above styled and
numbered cause of action,and with leave of court,will show the following:

1. Appellant,Rodarte Sr.,requests for this court's own orders,for
appellant's Motion For An Injunction,to prevent Bexar County
Sheriff's Department,from seizing and selling appellant's
property,7418 Pipe Spring San Antonio,Texas 78238. This is namely
due to an adverse decision,rendered on October 07,2015 a hearing
hheld in the 166th Judicial District Court,Cause No.2010-CI-14597
Beneficial Texas Inc.Its Successors,And Assigns,Vs. Rachel A.
Rodarte And John E. Rodarte Sr.. Rachel A. Rodarte,has since 01/10/
2010 has passed away.

2.Appellant Rodarte Sr.,has attempted to have the case removed to
USDC in mail box on September 29,2015,counsel for Beneficial Texas
Bruce H. Neyland,was in receipt,as found in the hearing,of the
Removal Motion,but the trial court,was not in receipt from the
USDC of same motion. This was done,in order to protect and preserve
Mr. Rodarte's home and homestead rights..

3.Appellant Mr. Rodarte Sr.,asks respectfully for leave of court,in
that,it will issue orders,its own orders concerning enjoining
the appellees,Bexar County Sheriff from seizing and selling Appellant's
property,and if it has been sold,that money be returned. This is
found in Texas R. Civ.Pro.736.11(a)(b)(c)(d),in that an original
action has been started,sent by mail on October 09,2015.

*CERTIFICATE OF SERVICE*
*COPY HAS BEEN SENT TO*
*BRUCE H. NEYLAND, AT #150*
*14350 NORTHBROOK DR.*
*SAN ANTONIO ,TX. 78232*

1.

*Applicable TEX. Civ. PRAC.& REM.*
*16.035(b) Acceleration Begun*
*On or About 8/2010*
*TRE 201(e)(3)(C)   2ND IN REM S.J. BEYOND*
*THE 4YR. LIM.TATION?*
*SEE BIEDRYCK US U.S. BANK NAT. ASSOC.*
*2015 TEX.APP. LEXIS 4794*

*I   Judge always failed to take*
*my Testimony as true*
*Was not placed under oath*
*On 10/7/2015*

BBBEFICIAL TEXAS INC.,

BBBEFICIAL TEXAS INC.,

4.It is also requested by Mr. Rodarte Sr.,that,on this court's own orders,order suspension of the enforcement of trial court's order on October 07,2015,granting appellees' Second In Rem Summary Judgement Motion,suspending enforcement Of Writ Of Possession, and Execution Orders,that are usually filed and ordered when a a foreclosure proceeding action happens.

5.It is requested by Mr. Rodarte Sr.,for a full appellate record and all exhibits,trial transcripts,be made available for this court to utilize in this matter. Should it be deemed necessary, that this court,obtain a copy of Mr. Rodarte's list of litigation as found pursuant to Texas Civil Practices And Remedies,Chapter 14,Inmate Litigation,as found in my cases before this court,undere 04-14-00922-CV and 04-15-00012-Cv.

6.as per the exhibits already filed in cause 2010-CI-14597,especially copies of a trial court judgement in 1995-CI-05393 where Judge Carol Haberman had decreed 7418 Pipe Spring to appellant Rodarte Sr. Another concern,is the fact that the contract made by Rachel A. Rodarte on December 22,2006,must include a loan made to the same lender,Beneficial Texas Inc.,to which the proceeds from the second loan,were used to pay off the loan made in 2005,to which,aVoluntary Consent,to apply proceeds from this loan to the 2005 loan,was left blank,therefore a violation of Texas Const.Art.16§50provision. This also concerns Art.16§50 and very specific provisions,in that said provisions are very clear,in thatthere are supposed to be signatures from all owners,to include Mr. Rodarte,whom had paid for the since 1994,and all county records show that appellant is 100 percent owner,that all county records,even at Bexr County Sheriff's Department,showw 7418 Pipe Spring as Mr. Rodarte's home of record.
That an exemptoon/Homestead designation has been filed with the Secretary of Texas on February 2013. That Rachel A. Rodarte,had executed botha General Warranty Gift Deed and A Last Will And Testament,done by Valerie Alonzo there in San Antonio,Texas,at 3123 Loop 410 78230 (210)340-3270.,that under Texas Homestead laws under Probate,Property Code,Texas Const.Art.16§50,51,52,should by law,set aside exempt homestead property. See Mr. Rodarte's Second Motion For Summary Judgement,dated October 19,2012,which includes abl of the arguments deemed necessary for the success of garnering issuance of orders requested above,as well as for a successful appeal in this matter.

Appellant Mr. Rodarte Sr.,makes it known to this court,that he is indigent,and cannot pay for the costs and fees incurred for the pro-secution of said orders,process,appellate record,etc.

Before appellant continues any further,it must be brought to the attention of this coutt,as it has been done to other courts,that there are severe concerns when filing legal documents as timely or otherwise. This concerns TDCJ Personnel,Denna Davis and those in concert with HER,in not issuing indigent supplies,see current Removal to USDC there in San Antonio,Texas that hinders legal mail,and the unit no longer has Probate,Finance,Insurance Codes,which is worse.

2.

4.[illegible] It is also requested by Mr. Rodarte Sr., that in this court's own [illegible] of the enforcement of trial court's order on [illegible] 1991, granting [illegible] Record in San [illegible] [illegible] of Prosecution, and [illegible], that are usually filed and ordered when a [illegible] action [illegible].

5.[illegible] It is requested by Mr. Rodarte Sr., for a full [illegible] and all exhibits, trial transcripts, [illegible] for this court [illegible] in this matter. [illegible] it be deemed necessary, that this court [illegible] a copy of Mr. Rodarte's list of [illegible] be found [illegible] Civil Practices And Remedies Code, [illegible] found in [illegible] this court [illegible].

[illegible]

Appellant Mr. Rodarte Sr., is [illegible] this court that he is indigent and cannot pay for the [illegible] for the [illegible] of said [illegible].

Unless appellant continues any further it must [illegible] attention of this court, [illegible] other matters, there are [illegible] when filing [illegible] only [illegible] in concert with [illegible] Removal to USDC [illegible] in San Antonio, [illegible] the unit no longer has Records, Finance, Insurance Codes, which is [illegible].

The Clements Unit,makes it ratherr difficult,to obtain indigent supplies for mailing and completing legal work. This is being done out of spite,deliberate and conscience indifference by TDCJ Prison Officials,to be obstruct,defuse and disrupt inmate litigation,and lessen any opportunity for successful litigation by an inmate. All that has to be done is to investigate other inmates at this unit.

Alright,now to proceed with proper argument and without counsel, seems that any and all attempts to obtain counsel,have been met with "I'm sorry I cannot assist you,my plate is full,I do not handle cases such as yours,"but always helpful in giving free advice such as "Be aware,that there are statute of limitations,when filing certain cases".

Under Texas Homestead Protections,exempt homestead law,to which I will address shortly,I have uncovered under Deceptive Trade And Practices Act,Texas Business And Commerece Code,Civil Practices And Remedies Chapter 12,12.002(a)(3)(B)(C)();12.003(a)(7)(8);Chap.9,Texas Insurance Code,to whatever that may be,since the Clements Unit,no longer mainatins maintains Vernon's Texas Annotated Code for Probate,Finance,Insurance, Business And Commercial Code,Uniform Commercial Code,and the rest of the books are outdated by at least three years. Therefore,I can only provide the code numbers of what I was was able to apply previously in this cause of action. Please excuse my typing,it has been a while since losing my typewriter back in June.

I truly believe that my home is my home,especially with the application of Bankruptcy Code (U.S.),522(f)(1)(b)(2),Texas Property Code 41.001,41.002;52.001,52.002 and applicable subsections,Texas Const. Art.16§50(a)(6)(i)(ii)(Q)(i)(iii)(v)(viii)(ix)(x)(xi)(g);(a)(6)(A)-(L),(Q)(1?)(3)(not require you to apply proceeds to another debt except a debt that is secured by your home....,(3) Not require you to execute instruments that have blanks left to be filled in,(5)provide that you receive a copy of all documents signed at closing;(9)Provide that you and lender acknowledge the fair market value of your home on the date the loan closes,to which there is no evidence of this fact by Beneficial Texas Inc.,in any of there pleaadings or exhibits,and failed to cure. (10)Provide that the lender,will forefiet forefeit all principle and interest and monies paid,if the lender fails to comply with 50(a)(6) (Q)(x),(B)(5),that loan,does not exceed 80 percent of the fair market value of the home,to which I have provide for 2005 as $59,300.00

Continuning with the values used by appellant,to show appellees' willful exceedance of the 80 percent allowed under the Texas Const. Art.16§50 and its provisions,values used,were values stated by the Bexar County Apprasial District in 2005 and 2006. the first note,to which is being used as eviddence,shows that appellant's Mom,Rachel A. Rodarte,took a loan out on my home in 2005 for $49.000.20 to which Bexar County valued for $59,300.00 and in 2006 Bexar County valued my home at $65,080.00 and was loaned in question by lender,$60,000.08 these two loans,are clearly beyond the 80 percent allowed under Texas al law,to which lender failed to cure,did not have the required acknowledgement between both lender and borrower at the time of closing.

This is furthe evident,when a 1998 divorce decree,signed by Judge Carol Haberman in cause 1995-CI-05393,to which this court is aware of in appeal no.04x15xxx 04-14-00922-CV,decreed my home to me in 1998. Thus,needing my signature on the contract as well,which also violates Art.16§50.

The applicable Probate codes,that should immune my home from seioure and forced sale,like property code,are 38,58,59,460(a)(d)(a)(d),270, 271,281,282. One last provision under Texas Const.Art.16§50,is (g), notice provision,to which there is no evidence of,or a copy of a contract,that should have been made in spanish for my Mom,or thatI an interpreter was used in the making of the note.

The applicable Finance and Insurance Codes,are as follows: Finance Code 181.305,182.405,94.052(A)(B);94.151(a),for taxes,insurance,for the protection of the lender,31.305,34.101,see 15 USC§78c(a);34.104, 34.102,34.105,34.203,,34.301,34.304(a)(b)(c)(d),34.306,34.307 Right Of Set Off,156.304,157.002(2)(i),157.007,31.002(15)(A)(i)(ii)(a)(20) (21)(B)(32)(34),31.005. I appolgize,that I cannot provide subsection information,due to the fact,that at the time,I needed to locate the codes and information as I read themto which,in short order,the lender by law,must protect his interest by insuring money lent,or such a loan to an 76 year old,is predatory lending by just securing the loan with just the home,clearly against Texas Homestead laws.

Next,Insurance Codes,423.104,424.053(a),424.064(a)(d),424.070,424.066, 424.056,424.057,424.060,424.064(a)(b)(2)(d),424.066(a)(b)(1)(d),424.101 (A)(B)(C)(3)(A)(B)(C).

I truly believe that fraud is being committed,especially when the lien filed,contains blanks on the page,that Gerry Rickhoff's Office stamped and filed on,see Beneficial's exhibit of in the past and current filings.                                4.

The arguments herein,are basically,the same for the appeal brief. Now,for this court's utilization in this matter,here are the cases that apply in this matter,incidently,I did provide the will for the 166th court to use,and I will apply Emminent Jurisdiction,being that the will,was properly filed and timely as record file will show.

920 S.W.2nd.458 Union Nation Insurance Vs.Olson,to which,an exempt homestead vests free and clear of creditors claim to a surviving child of the decedent.Terry Vs.Terry,(1873),39 Tex.313;Mayman Vs.Rervire (1877) 47 Texx320,357,Mclane Vs.XXXXX,Paschal,(1877),47 Tex.370, Zwernemann Vs.Vpn Rosenburg,(1890),76 Tex.522 and 13 S.W. 485.

See also Tompkins Vs. Hooker,200 S.W.193 (1918),Wade Vs. Scott 145 S.W.675,(1912). See also Huelsebush Vs.Roeugsh 141 S.W.2nd.732,14 S.W. 3rd.426.,65 S.W.3rd.289,735 S.W.2nd.924.

Federal cases,are Henderson,18 F.3rd.1305 and In Matter Of Moody, 862 F.2nd.1194,using Bankruptcy Code 522(f)(1)(b)(2) and Texas Homestead Exemption Protections.

Appellant Rodarte Sr.,is pleading for this court's intervention,in that it may protect and should it allow,for the presentment of further legal action against Beneficial Texas Inc. for fraud,to which a Class Action Suit,pursuant to Texas R. Civ.p.42 was filed,but denied. I also request for recusal of judge Mery,to which,I have pending appeal there under 04-15-00012-CV concerning Judge Mery's questionable decisions in that case,as well as now,without any reguard to guiding law or principles,such as homestead laws. I believe an investigation is warranted.

When the homestead protections have been argued in the past,as well as now,all that can be said of the consequences now,are all towards the honor and integrity of Rachel a. Rodarte and John E. Rodarte Sr. and their home,7418 Pipe Spring.

See also In re Cedengo,370 B.R.(Bankruptcy),681 which is crucial to this case;In Re Ortegon,W.D.2008 398 B.R.431. To the Honorable Justices Of The Fourth Court Of Appeals,I believe that the Texas Homestead Laws are generous and sacred. I also believe that,with the advent of other federal court case against big banking,such as HSBC Bank,to which I have a claim but nothing came of it,that fraud was prevalent throughout the loan contract that was made,between my Mom and Beneficial,but without an attorney who will stand for me,questionable proceedings will abound and stand as correct.          5.

```
CSINIB02/CINIB02      TEXAS DEPARTMENT OF CRIMINAL JUSTICE      10/14/15
BC52/KHO1557               IN-FORMA-PAUPERIS DATA               05:59:13
TDCJ#: 01263270 SID#: 02663385 LOCATION: BILL CLEMENTS    INDIGENT DTE: 04/24/15
NAME: RODARTE,JOHN SR                    BEGINNING PERIOD: 04/01/15
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:          0.00 TOT HOLD AMT:         0.00 3MTH TOT DEP:         0.00
6MTH DEP:             2.51 6MTH AVG BAL:         7.04 6MTH AVG DEP:         0.42
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS
09/15      0.00             0.00       06/15      2.02           2.02
08/15      0.00             0.00       05/15      0.49           0.49
07/15      0.00             0.00       04/15     73.01           0.00
PROCESS DATE   HOLD AMOUNT    HOLD DESCRIPTION
```

STATE OF TEXAS, COUNTY OF _Potter_
ON THIS THE _14_ DAY OF _October_ _2015_ I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE,AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:

```
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____   OR SID NUMBER: _____
```



K. HOLT
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 09-30-2016
NOTARY WITHOUT BOND



## NO. 2010-CI-14597

| | | |
|---|---|---|
| BENEFICIAL TEXAS INC., ITS SUCCESSORS AND ASSIGNS | § § § § | IN THE DISTRICT COURT |
| VS. | § § § | |
| JOHN E. RODARTE, SR., MARK ANTHONY RODARTE, RICARDO CARLOS RODARTE, ROSANNA J. PATTERSON, PRISCILLA ANN RODARTE, ATTORNEY GENERAL OF TEXAS, THE UNKNOWN HEIRS OF EDUARDO RODARTE, JR., DECEASED, THE UNKNOWN HEIRS OF RICARDO CHARLES RODARTE, DECEASED, THE UNKNOWN HEIRS OF VALENTE ARTURO RODARTE, DECEASED AND THE UNKNOWN HEIRS OF RACHEL RODARTE, DECEASED | § § § § § § § § § § § § § § § | 166TH JUDICIAL DISTRICT<br><br><br>BEXAR COUNTY, TEXAS |

### AFFIDAVIT IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT BY BRUCE H. NEYLAND

BEFORE ME, the undersigned authority, on this day personally appeared Bruce H. Neyland,

who, being duly sworn, stated:

1.      "My name is Bruce H. Neyland. I am over the age of 18 years and am competent to make this Affidavit. The statements made by me in this Affidavit are true and correct and are based on my personal knowledge.

2.      "I am an attorney licensed to practice law in the State of Texas and have been retained by Plaintiff as co-counsel in this suit.

3.      "Attached hereto as **Exhibit "A"** is a true and correct copy of the Interlocutory In Rem Default Judgment and Order Granting in Part and Denying in Part Plaintiff's Motion for In Rem Summary Judgment."

*PLEASE RETURN*

_____
Bruce H. Neyland, Affiant

STATE OF TEXAS          §

COUNTY OF BEXAR         §

SUBSCRIBED AND SWORN TO before me by Bruce H. Neyland on the _____ day of September, 2015.

BEVERLY K. WORK
My Commission Expires
September 17, 2017

_____
Notary Public, State of Texas



CAUSE NO. 2010-CI-14597

| | | |
|---|---|---|
| BENEFICIAL TEXAS INC., | § | IN THE DISTRICT COURT OF |
| ITS SUCCESSORS AND ASSIGNS, | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | |
| | § | |
| JOHN E. RODARTE, SR., | § | |
| MARK ANTHONY RODARTE, | § | |
| RICARDO CARLOS RODARTE, | § | |
| ROSANNA J. PATTERSON, | § | |
| PRISCILLA ANN RODARTE, | § | BEXAR COUNTY, TEXAS |
| ATTORNEY GENERAL OF TEXAS, | § | |
| THE UNKNOWN HEIRS OF EDUARDO | § | |
| RODARTE, JR., DECEASED, | § | |
| THE UNKNOWN HEIRS OF RICARDO | § | |
| CHARLES RODARTE, DECEASED, | § | |
| THE UNKNOWN HEIRS OF VALENTE | § | |
| ARTURO RODARTE, DECEASED, | § | |
| AND THE UNKNOWN HEIRS OF | § | |
| RACHEL RODARTE, DECEASED, | § | |
| DEFENDANTS | § | 166TH JUDICIAL DISTRICT |

**INTERLOCUTORY *IN REM* DEFAULT JUDGMENT AND
ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR *IN REM* SUMMARY JUDGMENT**

On the date this order and interlocutory judgment was signed, the court considered Plaintiff Beneficial Texas, Inc., its Successors and Assigns' motion for *in rem* default and *in rem* Summary Judgment. The court determined it had jurisdiction over the subject matter and the parties to this proceeding.

This suit is an *in rem* proceeding insofar as it concerns only the real property and improvements ("Property") commonly known as 7418 Pipe Spring St., San Antonio, Texas 78238, and being more particularly described as follows, to-wit:

> LOT FIVE (5), BLOCK EIGHT (8), NEW CITY BLOCK 18658, ONE NORTH PLACE, UNIT 3, CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME

**EXHIBIT "A"**

6500, PAGE 231-232, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

After considering the evidence of record in this cause, this Court finds that Rachel Rodarte ("Decedent") obtained a home equity loan on the Property from Beneficial Texas Inc. on or about December 22, 2006.

On or about January 10, 2010 Rachel Rodarte died intestate. There is no pending administration of Decedent's estate.

On or about August 31, 2010, Plaintiff filed this lawsuit *in rem* only to foreclose its security interest against the Property due to the material default in payment of the indebtedness secured by the Property.

All of Decedent's heirs-at-law have been named as Defendants to this suit and are vested with all of Decedent's right, title and interest in the Property.

### Interlocutory Default Judgment

Defendant Mark Anthony Rodarte was personally served with process on October 5, 2010. Defendant's answer deadline was November 1, 2010. Defendant Mark Anthony Rodarte did not file an answer or any other pleading constituting an answer and has wholly made default. The citation with the officer's return and proof of service has been on file with the clerk of the court at least ten days (10) excluding the day of filing and today. Accordingly, Mark Anthony Rodarte has admitted the material allegations in Plaintiff's Original Petition.

Defendant Ricardo Carlos Rodarte was personally served with process on October 5, 2010. Defendant's answer deadline was November 1, 2010. Defendant Ricardo Carlos Rodarte did not file an answer or any other pleading constituting an answer and has wholly made default. The citation with the officer's return and proof of service has been on file with the clerk of the court at least ten days (10) excluding the day of filing and today. Accordingly, Ricardo Carlos

2

Rodarte has admitted the material allegations in Plaintiff's Original Petition.

Defendant Priscilla Ann Rodarte was personally served with process on October 6, 2010. Defendant's answer deadline was November 1, 2010. Defendant did not file an answer or any other pleading constituting an answer and has wholly made default. The citation with the officer's return and proof of service has been on file with the clerk of the court at least ten days (10) excluding the day of filing and today. Accordingly, Priscilla Ann Rodarte has admitted the material allegations in Plaintiff's Original Petition.

Defendant Attorney General of Texas was personally served with process on September 30, 2010. Defendant's answer deadline was October 25, 2010. Defendant did not file an answer or any other pleading constituting an answer and has wholly made default. The citation with the officer's return and proof of service has been on file with the clerk of the court at least ten days (10) excluding the day of filing and today. Accordingly, Attorney General of Texas has admitted the material allegations in Plaintiff's Original Petition.

Defendants the Unknown Heirs of Eduardo Rodarte, Jr., Deceased, the Unknown Heirs of Ricardo Charles Rodarte, Deceased, the Unknown Heirs of Valente Arturo Rodarte, Deceased, and the Unknown Heirs of Rachel Rodarte, Deceased were served by publication on October 22, 2010 through November 12, 2010. An attorney *ad litem* was appointed to represent the Unknown Heirs and has filed an answer on their behalf. The Unknown Heirs' answer is not sufficient to raise a genuine issue of material fact regarding the Deed of Trust or the amounts due and owing thereon.

In accordance with the foregoing findings, this Court has determined that this interlocutory *in rem* default judgment and order granting in part and denying in part Plaintiff's *in rem* motion for summary judgment should be entered and signed *in rem* only.

3

## Order Granting in Part
## Plaintiff's Motion for *in rem* Summary Judgment

IT IS ORDERED, ADJUDGED and DECREED that the following defendants have no personal liability for the loan agreement of Rachel Rodarte made the basis of this suit and an interlocutory default judgment is hereby entered against the following Defendants:

- Mark Anthony Rodarte;
- Ricardo Carlos Rodarte;
- Priscilla Ann Rodarte;
- Attorney General of Texas;
- The Unknown Heirs of Eduardo Rodarte, Jr., Deceased;
- The Unknown Heirs of Ricardo Charles Rodarte, Deceased;
- The Unknown Heirs of Valente Arturo Rodarte, Deceased; And
- The Unknown Heirs of Rachel Rodarte, Deceased

IT IS FURTHER ORDERED that any future judgment of this Court disposing of the remaining issues and parties, need not include further findings or decrees as to the following defendants:

- Mark Anthony Rodarte;
- Ricardo Carlos Rodarte;
- Priscilla Ann Rodarte;
- Attorney General of Texas;
- The Unknown Heirs of Eduardo Rodarte, Jr., Deceased;
- The Unknown Heirs of Ricardo Charles Rodarte, Deceased;
- The Unknown Heirs of Valente Arturo Rodarte, Deceased; And
- The Unknown Heirs of Rachel Rodarte, Deceased

except to affirm and incorporate this interlocutory judgment.

IT IS FURTHER ORDERED that these proceedings have given the following Defendants proper notice of the Plaintiff's demand to cure default, notice of intent to accelerate and acceleration, as well as Federal and Texas Fair Debt Collection Practices notices, that in the event of a public sale by plaintiff in accordance with the provisions of Tex. Prop. Code §51.002:

- Mark Anthony Rodarte;

4

- Ricardo Carlos Rodarte;
- Priscilla Ann Rodarte;
- Attorney General of Texas;
- The Unknown Heirs of Eduardo Rodarte, Jr.. Deceased;
- The Unknown Heirs of Ricardo Charles Rodarte, Deceased;
- The Unknown Heirs of Valente Arturo Rodarte, Deceased; And
- The Unknown Heirs of Rachel Rodarte, Deceased

the only notice to be given the above Defendants, if any is required by statute shall be the notice

of public sale required by Texas Property Code §51.002(b)(1) and (2);

IT IS FURTHER ORDERED that the attorney *ad litem*, Janice Miles, having fulfilled her

duties, is fully released from her representation in connection with the Property and this

proceeding and no further action is required from the attorney *ad litem* in connection with the

Property and this proceeding;

IT IS FURTHER ORDERED that the attorney *ad litem*, Janice Miles, shall be paid a

reasonable fee for her services of $2,000.00 by Plaintiff, which said fees shall be paid to the

attorney *ad litem* on or before the expiration of thirty (30) days following the date a Final

Judgment is signed in this proceeding.

### Order Denying In Part
### Plaintiff's Motion for *in rem* Summary Judgment

Plaintiff's motion for summary judgment as to Defendant John E. Rodarte, Sr. is denied

without prejudice to its refiling.

The Court denies Plaintiff's motion for summary judgment as to Defendant Rosanna J.

Patterson is denied without prejudice to its refiling.

SIGNED: __AUG 2 8 2013__, 2013.

_____
JUDGE PRESIDING

**Document scanned as filed.**

5

APPROVED AS TO FORM & ENTRY REQUESTED:

CODILIS & STAWIARSKI, P.C.

Robert L. Negrin
State Bar No. 14865550
Mary M. Speidel
State Bar No. 18908400
650 N. Sam Houston Parkway East, Ste. 450
Houston, TX 77060
(281) 925-5210
(281) 925-5310 (Facsimile)

**ATTORNEYS FOR PLAINTIFF,
BENEFICIAL TEXAS INC.**

APPROVED AS TO FORM ONLY

**JANICE MILES, ATTORNEY AT LAW; PLLC**

Janice Miles
State Bar No. 24044707
333 W. Olmos
San Antonio, Texas 78212
Tel: (210) 710-7773
Fax: (210) 822-2952

**ATTORNEY *AD LITEM* FOR DEFENDANTS,
THE UNKNOWN HEIRS OF EDUARDO RODARTE, JR., DECEASED,
THE UNKNOWN HEIRS OF RICARDO CHARLES RODARTE, DECEASED,
THE UNKNOWN HEIRS OF VALENTE ARTURO RODARTE, DECEASED, and
THE UNKNOWN HEIRS OF RACHEL RODARTE, DECEASED**

6

APPROVED AS TO FORM & ENTRY REQUESTED:

CODILIS & STAWIARSKI, P.C.

Robert L. Negrin
State Bar No. 14865550
Mary M. Speidel
State Bar No. 18908400
650 N. Sam Houston Parkway East, Ste. 450
Houston, TX 77060
(281) 925-5210
(281) 925-5310 (Facsimile)

ATTORNEYS FOR PLAINTIFF,
BENEFICIAL TEXAS INC.

APPROVED AS TO FORM ONLY

JANICE MILES, ATTORNEY AT LAW, PLLC

Janice Miles
State Bar No. 24044707
333 W. Olmos
San Antonio, Texas 78212
Tel: (210) 710-7773
Fax: (210) 822-2952

ATTORNEY *AD LITEM* FOR DEFENDANTS,
THE UNKNOWN HEIRS OF EDUARDO RODARTE, JR., DECEASED,
THE UNKNOWN HEIRS OF RICARDO CHARLES RODARTE, DECEASED,
THE UNKNOWN HEIRS OF VALENTE ARTURO RODARTE, DECEASED, and
THE UNKNOWN HEIRS OF RACHEL RODARTE, DECEASED

17

JOHN E. CLEMENTS Appellant #2162770
CLEMENTS UNIT
9601 SPUR 591
AMARILLO, TEXAS 79107-9606

Legal Mail / Legal Mail

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2015 OCT 19 PH 2: 32

Keith E. Hottle
KEITH E. HOTTLE CLERK

FOURTH COURT OF APPEALS
OFFICE OF THE CLERK, MR. HOTTLE
300 DOLOROSA ST., STE. 3200
SAN ANTONIO, TEXAS 78205-3037

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION